1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ENNOVA DIRECT, INC.,

10                 Plaintiff,                        No. C 10-01518 JSW

11        v.

12   A-DATA TECHNOLOGY (U.S.A.) CO.,        **ORDER VACATING**
     LTD., et al.,                          **REASSIGNMENT ORDER**
13

14                 Defendants.
     _____/

15

16        The Court has received the response to the order show cause filed by Defendant

17   Transcend Information Inc. ("Transcend") regarding its withdrawal of consent to have this case

18   heard by a magistrate judge and finds it unconvincing.  Transcend argues that it was named as a

19   defendant after this action was transferred to a magistrate judge in the Eastern District of Texas

20   and that it never formally consented.  Transcend cites *In re Marriage of Nasua*, 160 F.3d 578,

21   579 (9th Cir. 1998) for the proposition that consent cannot be implied through conduct.

22   However, in 2003, the Supreme Court held that parties could authorize a magistrate judge to

23   preside over a case through implied consent.  *See Roell v Withrow*, 538 U.S. 580, 590 (2003).

24   The Court rejected a bright line rule of requiring express consent, reasoning that inferring

25   consent in certain circumstances "checks the risk of gamesmanship."  *Id.*; *see also Chambless v.*

26   *Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350-51 (11th Cir. 2007) (finding that "eight months

27   of continual participation in pretrial proceedings [before a magistrate judge] justifies the

28   inference of consent from a litigant aware of the need to consent"); *see also United States v.*

     *Noriega-Encinal*, 2008 WL 2003164, *1 (D. Ariz. May 8, 2008) (finding consent implied from

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    participation in hearing before magistrate judge despite the fact that consent was not discussed

2    with defendant).

3          Here, Plaintiff filed an amended complaint adding Transcend to this action in March

4    2009.  Transcend proceeded to litigate this matter before the magistrate judge in Texas for over

5    a year, by, *inter alia*, filing an answer and litigating a motion to transfer.  Although there is no

6    record of Transcend specifically being informed of the right to decline to have this matter heard

7    by a magistrate judge while this matter was pending in the Eastern District of Texas, the Court

8    finds that it would be disingenuous if Transcend, which is being represented by experienced

9    patent counsel, were to argue that it was not aware of its right to consent or decline.  Moreover,

10   the Court is concerned that Transcend's belated declination, after litigating this matter for over

11   a year before a magistrate judge in Texas, is mere gamesmanship and an attempt to forum shop.

12   Therefore, the Court finds that Transcend impliedly consented to have this matter heard by a

13   magistrate and thus, has not demonstrated the requisite "extraordinary circumstances" to

14   withdraw its consent now.  *See* 28 U.S.C. § 636(c)(6); *see also Dixon v. Ylst*, 990 F.2d 478, 480

15   (9th Cir. 1993).  Accordingly, the Court HEREBY VACATES the reassignment order.

16         **IT IS SO ORDERED.**

17

18   Dated: May 13, 2010

                                          _____
19                                        JEFFREY S. WHITE
                                          UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28